UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DANIEL JOEL LAWYER,<br><br>                 Petitioner,<br><br>v.<br><br>TEREMA CARLIN,<br><br>                 Respondent. | Case No. 3:13-cv-00386-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is Petitioner Daniel Joel Lawyer's Petition for Writ of Habeas Corpus. (Dkt. 3.) Respondent has filed a Motion for Summary Dismissal. (Dkt. 11.) Petitioner has not responded to the Motion. The Court takes judicial notice of the records from Petitioner's state court proceedings, lodged by Respondent on January 16, 2014. (Dkt. 12.) *See* Fed. R. Evid. 201(b); *Dawson v. Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006).

The parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case in accordance with 28 U.S.C. § 636(c). (Dkt. 10.) Having carefully reviewed the record, including the state court record, the Court finds that oral argument is unnecessary. *See* D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court enters the following Order granting Respondent's Motion and dismissing this case with prejudice.

**MEMORANDUM DECISION AND ORDER  1**

# BACKGROUND

The facts underlying Petitioner's conviction are set forth clearly and accurately in *State v. Lawyer*, 244 P.3d 1256 (Idaho Ct. App. 2010), which is also contained in the record at State's Lodging B-3. The facts will not be repeated here, except as necessary to determine the procedural issues at hand.

Petitioner was convicted by a jury in the Second Judicial District of the State of Idaho, in Nez Perce County, of one count of driving under the influence (DUI), enhanced to a felony based on a previous DUI conviction. (State's Lodging B-3 at 1-2.) Petitioner was sentenced to a unified sentence of seven years in prison with two years fixed.

On direct appeal, Petitioner argued that there was insufficient evidence to convict him of the felony enhancement and that his sentence was excessive. (State's Lodging B-1.) The Idaho Court of Appeals affirmed Petitioner's conviction and sentence, and the Idaho Supreme Court denied Petitioner's petition for review. (State's Lodging B-3, B-4, B-6, C-1 at 6.)

Petitioner then returned to the trial court and filed a petition for postconviction relief. He argued that his trial counsel rendered ineffective assistance by failing to investigate jurisdictional issues and failing to move for a change of venue, given that (1) the offense was committed on a highway running through the Nez Perce Tribal Reservation and (2) Petitioner is an enrolled member of the Nez Perce Tribe. (State's Lodging C-1 at 6-8.) The state district court dismissed the postconviction petition,

**MEMORANDUM DECISION AND ORDER  2**

concluding that counsel was not ineffective because the State of Idaho had jurisdiction over the crime pursuant to Idaho Code § 67-5101 and Public Law No. 280, § 7, 67 Stat. 588 (1953). (State's Lodging C-1 at 51-52.) Petitioner appealed the dismissal, relying in part on the Nez Perce Treaty of 1855. (State's Lodging D-2 at 2 and Ex. A.) The Idaho Court of Appeals affirmed the dismissal, and the Idaho Supreme Court denied review. (State's Lodging D-5, D-9.)

Petitioner filed the instant Petition in September 2013. The Petition asserts the following claims, all of which are based on the Nez Perce Treaty of 1855. Claim One asserts that Petitioner's rights to due process and equal protection under the Fourteenth Amendment have been violated because, although Petitioner is an enrolled tribal member, a tribal officer was not present during the traffic stop that led to his DUI conviction. Claim Two asserts that Petitioner's conviction violates the Supremacy Clause and the Oath of Office Clause of Article VI of the Constitution. Claim Three asserts again that Petitioner's conviction violates the Supremacy Clause. Claim Four asserts that Petitioner's conviction violates Article 3 of the Treaty of 1855, which concerns public roads on the reservation. (Dkt. 3 at 6-9.)

Respondent now moves for summary dismissal of the Petition, arguing that all of Petitioner's claims are procedurally defaulted.

**MEMORANDUM DECISION AND ORDER  3**

## DISCUSSION

1.   **Standard of Law Governing Summary Dismissal**

Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus or claims contained in the petition when "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." In such case, the Court construes the facts in the light most favorable to the petitioner.

2.   **Standard of Law Governing Procedural Default**

A habeas petitioner must exhaust his remedies in the state courts before a federal court can grant relief on constitutional claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). This means that the petitioner must invoke one complete round of the state's established appellate review process, fairly presenting all constitutional claims to the state courts so that they have a full and fair opportunity to correct alleged constitutional errors at each level of appellate review. *Id.* at 845. In a state that has the possibility of discretionary review in the highest appellate court, like Idaho, the petitioner must have presented all of his federal claims at least in a petition seeking review before that court. *Id.* at 847.

The mere similarity between a federal claim and a state law claim, without more, does not satisfy the requirement of fair presentation. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995). General references in state court to broad constitutional principles, such as

**MEMORANDUM DECISION AND ORDER  4**

due process, equal protection, or the right to a fair trial, are likewise insufficient. *See Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). The law is clear that, for proper exhaustion, a petitioner must bring his federal claim before the state court by "explicitly" citing the federal legal basis for his claim, "regardless of whether the petitioner [is] proceeding pro se." *Lyons v. Crawford*, 232 F.3d 666, 669 (9th Cir. 2000), *as amended*, 247 F.3d 904 (9th Cir. 2001) (emphasis omitted).

When a habeas petitioner has not fairly presented a constitutional claim to the highest state court, and it is clear that the state court would now refuse to consider it because of the state's procedural rules, the claim is said to be procedurally defaulted. *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996). Procedurally defaulted claims include those within the following circumstances: (1) when a petitioner has *completely failed* to raise a particular claim before the Idaho courts; (2) when a petitioner has raised a claim, but has failed to fully and fairly present it as a *federal* claim to the Idaho courts; and (3) when the Idaho courts have rejected a claim on an adequate and independent state procedural ground. *Id.*; *Baldwin v. Reese*, 541 U.S. 27, 32 (2004); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

If a petitioner's claim is procedurally defaulted, a federal court may still hear the claim on the merits if the petitioner establishes that cause and prejudice exist to excuse the default or that he is actually innocent. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Schlup v. Delo*, 513 U.S. 298, 329 (1995); *Murray v. Carrier*, 477 U.S. 478, 488

**MEMORANDUM DECISION AND ORDER  5**

(1986). Actual innocence in this context "means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

To show "cause" for a procedural default, a petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Murray*, 477 U.S. at 488. Although the general rule is that any errors of counsel during the postconviction action cannot serve as a basis for cause to excuse a procedural default, *Coleman*, 501 U.S. at 752, a limited exception exists for certain underlying claims of ineffective assistance of counsel, *Martinez v. Ryan*, 132 S. Ct. 1309, 1315 (2012). To show "prejudice," a petitioner bears "the burden of showing not merely that the errors [in his proceeding] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

### 3. Petitioner's Claims Are Procedurally Defaulted

The simplest manner in which to resolve the exhaustion and procedural default status of Petitioner's federal claims is to review which claims were raised and addressed in the state court appellate proceedings.

On direct appeal, Petitioner argued that the evidence was insufficient to convict and that his sentence was excessive. During postconviction proceedings, Petitioner argued only that his trial counsel was ineffective for failing to investigate jurisdictional issues

and failing to move for a change of venue. None of Petitioner's four habeas claims was presented to the Idaho Supreme Court. Although the Sixth Amendment ineffectiveness claim that Petitioner raised in state court is related to his current claims based on the Treaty of 1855, they are distinct claims that must be separately exhausted. *See Rose v. Palmateer*, 395 F.3d 1108, 1111-12 (2005) ("Here, although Rose's Fifth Amendment claim is related to his claim of ineffective assistance, he did not fairly present the Fifth Amendment claim to the state courts when he merely discussed it as one of several issues which were handled ineffectively by his trial and appellate counsel. While admittedly related, they are distinct claims with separate elements of proof, and each claim should have been separately and specifically presented to the state courts.").

Because Petitioner did not fairly present any of his current claims in the Idaho state courts, he did not properly exhaust his claims. Because Petitioner can no longer do so, *see* Idaho Code § 19-4908, his claims are also procedurally defaulted.

## 4.  Petitioner Has Not Shown Cause and Prejudice or Actual Innocence

Petitioner has not attempted to show cause and prejudice or actual innocence. Further, the Court has independently reviewed the record and has found no basis for applying either doctrine to excuse the procedural default of Petitioner's claims.

## CONCLUSION

Petitioner's claims are procedurally defaulted, and he has not shown cause and prejudice, or actual innocence, which would allow the Court to reach the merits of his

**MEMORANDUM DECISION AND ORDER  7**

claims. Therefore, the Petition will be dismissed with prejudice.

## ORDER

**IT IS ORDERED:**

1. Respondent's Motion for Summary Dismissal (Dkt. 11) is GRANTED, and this entire action is DISMISSED with prejudice.

2. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Rule 11 of the Rules Governing § 2254 Cases. If Petitioner files a timely notice of appeal, the Clerk of Court shall forward a copy of the notice of appeal, together with this Order, to the United States Court of Appeals for the Ninth Circuit. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.

DATED: **April 23, 2014**

Honorable Candy W. Dale
United States Magistrate Judge